IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LORI ANN SHELTON | ) |
| | ) |
| v. | ) NO. 3:14-2335 |
| | ) |
| BANK OF AMERICA, N.A. | ) |

TO: Honorable Todd J. Campbell, District Judge

# REPORT AND RECOMMENDATION

By Order entered December 12, 2014 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge, pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636, to enter a scheduling order for management of the case, to dispose or recommend disposition of any pre-trial motions, and to conduct further proceedings, if necessary.

Presently pending before the Court is Defendant's motion to dismiss (Docket Entry No. 8), to which Plaintiff has filed a response in opposition. *See* Docket Entry No. 31. Also before the Court is Defendant's reply (Docket Entry Nos. 32-34) and a Notice of Exhibits (Docket Entry No. 35) filed by Plaintiff. Set out below is the Court's recommendation for disposition of the motion.

## I. BACKGROUND

Plaintiff is a resident of Murfreesboro, Tennessee. On December 10, 2014, she filed this action *pro se* and *in forma pauperis* against Bank of America, N.A., formerly Countrywide Home Mortgages ("BANA") complaining about events related to the mortgage on her former home located in Antioch, Tennessee, her efforts to modify the terms of the loan, and a foreclosure on that property that appears to have occurred in 2011. By the Order of referral, the Court found that the action was not facially frivolous and ordered that process issue to BANA.

Although the Complaint (Docket Entry No. 1) was accompanied by nearly 100 pages of documents, many of Plaintiff's allegations lacked factual specifics, and the Complaint was somewhat disjointed and difficult to follow. Plaintiff also generally stated "see exhibits" in support of her allegations. Further, Plaintiff's assertion of legal claims consisted of the following two statements:

> Deceptive and abusive practices, deceptive business acts, breach of contract, unfair and deceptive trade practices, unlawful notary, and fraudulent misrepresentation, breach of good faith in foreclosure actions to deal honestly, fairly, and openly. Violation of the Consumer Protection Statute breach of good faith in foreclosure. Belief that every contract implies in good faith between the partys (sic). The absence to defraud or to see advantage Fair Debt Collection [P]ractice Act, Violates the contract clause of the United States

*see* Docket Entry No. 1 at 1, and

> Civil conspiracy, civil RICO, Violation of the TCPA, quiet title, slander of title, malicious fraud, common fraud, mail fraud, ownership of real property under false pretence (sic), and for the purposes of theft by deceit of said property. Notaries public statue (sic) Tenn. Code 8-16-109. Damages and losses of my legal rights. And a violation of the aforementioned Act.

*Id*. at 5.

In lieu of an answer, BANA filed a motion for partial dismissal. *See* Docket Entry No. 8. Plaintiff responded to the motion. *See* Docket Entry No. 17. After construing Plaintiff's response as both a response to the motion and a request to amend, the Court found that the Complaint and the proposed amendment did not satisfy basic pleading standards and directed Plaintiff to file a new amended complaint that completely replaced her original complaint and that:

> 1. plainly and clearly sets out, in separate numbered paragraphs, factual allegations that explain the background and the events that form the basis for her lawsuit; and
>
> 2. plainly and clearly sets out, in separate numbered paragraphs, the specific legal claims that she makes in this lawsuit and the facts supporting these claims.

*See* Order entered March 25, 2015 (Docket Entry No. 20). In light of the Court's directive to Plaintiff to file a new amended complaint, the Court deemed Defendant's motion for partial dismissal of the original complaint moot. *Id*.

On April 24, 2015, Plaintiff filed a "memorandum in support of motion to amend complaint." *See* Docket Entry No. 26. Although the filing does not comply with the Court's instructions to

2

"plainly and clearly set out" her supporting factual allegations and specific legal claims, the Court construes the filing as Plaintiff's amended complaint ("Amended Complaint").

Plaintiff alleges that she purchased property located at 2657 Oak Forest Drive in Antioch, Tennessee, on or about April 30, 1998,[1] and that she subsequently refinanced her loan obligation on the property on August 8, 2007, through a loan with Countrywide Home Mortgages ("Countrywide") that had an adjustable interest rate based upon the London Interbank Offered Rate (" LIBOR"). *See* Docket Entry No. 26 at 1.[2] Plaintiff's remaining allegations are not easily followed, but she appears to allege that Countrywide failed to properly record and register its security interest in the property, fraudulently manipulated Plaintiff into accepting a LIBOR loan, and ultimately foreclosed on the property although it had no legal interest in the property. *Id*. Plaintiff also contends that the mortgage was transferred through the "securitization" process. *Id*. She further alleges that certain loan documents are "fake," have a forged signature or no signature, and have mismatched "bar codes." *Id*. at 2. She contends that BANA "has to prove they hold legal standing to act as trustee for investor and prove they owned the mortgage." *Id*. The only relief requested by Plaintiff in the Amended Complaint is that Defendant "be held accountable for laws broken and be fined." *Id*. at 3.[3]

Defendant's pending motion to dismiss seeks dismissal of the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant contends that Plaintiff's pleadings do not support the legal claims that she is pursuing. Defendant argues that several of the activities complained about by Plaintiff are activities that have been repeatedly found to be legally insufficient to support claims for relief, that Plaintiff fails to set out the type of specific factual allegations required under Rule 9(b) of the Federal Rules of Civil Procedure to support claims of fraud, and that the legal claims made in

---

[1] Although not clearly explained by Plaintiff, it appears that she purchased the property directly from the prior owner of the property and then subsequently entered into a mortgage with another lender to pay off her indebtedness to the property owner. *See* Docket Entry No. 31-1 at 3-7.

[2] At the time of these events, Plaintiff was known as Lori A. Bobo.

[3] In her Complaint, Plaintiff requested various forms of monetary damages, a "full accounting of payments of mortgage loans" and "explanation of any mortgage loan balances," attorneys fees, and the production of original loan documents. *See* Docket Entry No. 1 at 6.

the original complaint, to the extent that they still remain in the action, are likewise unsupported by factual allegations supporting claims for relief. In response, Plaintiff argues that her amended complaint complies with Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and she sets out further factual allegations in support of her claims. She attaches to her response additional copies of various documents related to the mortgage and deed of trust at issue. *See* Docket Entry No. 31-1.

Defendant filed a reply rebutting the arguments made by Plaintiff in her response. In response to a specific assertion made by Plaintiff that there was not proper notice of the foreclosure sale, Defendant attaches to its reply an Affidavit of Publication. *See* Docket Entry No. 34 at 9-11. In response, Plaintiff has submitted additional documents in support of her contention that documents and/or her signature on documents were forged. *See* Docket Entry No. 35.

## II. STANDARD OF REVIEW

Defendant's motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987).[4] However, although Plaintiff's pleadings need not contain detailed factual allegations, Plaintiff must provide the grounds for her entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

---

[4]The Court gives Plaintiff the benefit of this leeway despite having directed Plaintiff to replace her original complaint with a plain and specific amended complaint, *see* Docket Entry No. 20, which Plaintiff failed to do.

Plaintiff's factual allegations must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. This requires more than bare assertions of legal conclusions and Plaintiff's complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III. CONCLUSION[5]

Given the liberality that is to be afforded to the construction of *pro se* pleadings, *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the Court will not impose the general rule that an amended pleading completely replaces the original pleading. Thus, the Court views both Plaintiff's Complaint and her Amended Complaint as the operative pleadings. In her pleadings, Plaintiff makes some specific allegations and provides numerous pages of documents pertaining to her allegations. Although Plaintiff still has not set out a clear chronological picture of what occurred, it is nonetheless apparent that she contends that she suffered legal injuries with respect to her prior mortgage and the foreclosure on her former residence. Accordingly, Plaintiff's case should not be summarily dismissed as entirely conclusory.[6]

---

[5] In reviewing Defendant's motion to dismiss, the Court has not excluded from consideration the various documents submitted by the parties because the documents were either attached to Plaintiff's pleadings or relate to the note, mortgage, assignment, loan modifications, and foreclosure that are referenced in the Plaintiff's pleadings and are central to her claims. *See* Rule 10(c) of the Federal Rules of Civil Procedure ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Gardner v. Quicken Loans, Inc.*, 567 Fed.App'x 362, 364–65 (6th Cir. June 2, 2014) (a court may consider any document not formally incorporated by reference or attached to the complaint as part of the pleadings if the document is referred to in the complaint and is central to the plaintiff's claim.); *Okolo v. Metropolitan Gov't of Nashville and Davidson County*, 892 F.Supp.2d 931, 946 n.5 (M.D. Tenn. 2012).

[6] Although Plaintiff's pleadings do not comply with Rule 8(a)(1)'s requirement that the pleadings contain a short and plain statement of the Court's jurisdiction, given Plaintiff's *pro se* status, the Court has also liberally construed her pleadings to assert both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332 as the basis for federal jurisdiction over her lawsuit.

As is the case with many filings made by *pro se* parties, however, Plaintiff's pleadings and her subsequent filings in opposition to the motion to dismiss are less than clear in showing that she has plausible and defined legal claims entitling her to the relief she seeks. While Plaintiff endured an unfortunate and traumatic experience, suffering such an experience is not, by itself, sufficient to support legal claims for relief against Defendant.

To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir.2014) (quoting *Iqbal*, 556 U.S. at 678). Plaintiff's factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). A pleading that contains factual allegations, even if all of those allegations are not entirely conclusory, and references legal cause of action may, nonetheless, be insufficient to support claims for relief that will defeat a motion to dismiss. *See Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed.App'x 487, 491 (6th Cir. De. 22, 2005) (affirming claims of *pro se* plaintiffs that "are lacking in both supportive factual allegations and directed legal arguments."); *Elsman v. Standard Fed. Bank*, 46 Fed.Appx. 792, 799-800 (6th Cir. Sept. 5, 2002) (conclusory assertions that defendants' actions violated the TILA, the Consumer Credit Protection Act, the Fair Debt Collection Act, RICO, and state law failed to adequately plead actionable claims); *Hutchens v. Bank of Am. N.A.*, 2012 WL 1618316, *7 (E.D.Tenn. May 9, 2012) (plaintiffs failed to state a claim for relief when they did not allege what, if any, provision of federal statute was violated); *Marshall v. Mortgage Electronic Registrations Sys.*, 2010 WL 3790248, *4 (E.D.Mich. Sept.22, 2010) (the plaintiff's *pro se* status does not permit the court to conjure up a claim when the plaintiff fails to point to any particular provisions of a statute upon which her claim is based). With these principles in mind, the Court addresses Plaintiff's pleadings to determine whether her allegations plausibly entitle her to the relief she seeks.

Although Plaintiff refers to several statutory provisions in her pleadings, she fails to state claims for relief based upon these provisions. Plaintiff refers to "civil RICO"[7] and the "contract clause of the United States," *see* Complaint at 1 and 5, but has not made any attempt to show how she has a plausible cause of action under these provisions. To the extent that Plaintiff refers to the Fair Debt Collection Practices Act ("FDCPA"),[8] she has not alleged any facts showing that Defendant is a "debt collector" under the FDCPA. *See Joyner v. MERS*, 451 Fed.App'x 505, 507 (6th Cir. Dec. 9, 2011) (a creditor is not a debt collector under the FDCPA). Plaintiff also refers to "HAMP," which the Court assumes is a reference to the Home Affordable Modification Program, and to Defendant's apparent denial of loan modifications that Plaintiff sought under HAMP. *See* Complaint at 4-5. However, federal courts have uniformly concluded that HAMP does not contain a private right of action. *See Campbell v. Nationstar Mortgage*, 611 Fed.App'x 288, 300 (6th Cir. May 6, 2015) *cert. denied*, 136 S. Ct. 272 (2015); *Grona v. CitiMortgage, Inc.*, 2012 WL 1108117, * 5 (M.D. Tenn. April 2, 2012) (Campbell, J.); *JP Morgan Chase Bank v. Horvath*, 2012 WL 995397, *2 (S.D. Ohio March 23, 2012) (collecting cases). Plaintiff's reliance on the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. §§ 47-18-101 *et seq.*, also fails to support a plausible claim for relief because the TCPA does not apply to either mortgage foreclosures or to actions involving the credit terms of a transaction, such as loan modifications. *Dauenhauer v. Bank of New York Mellon*, 562 Fed.App'x 473, 482 (6th Cir. April 15, 2014); *Silvestro v. Bank of Amer., N.A.*, 2013 WL 1149301, *5 (M.D.Tenn. March 19, 2013) (Campbell, J.). Plaintiff also contends that the Tennessee Notaries Public Act, Tenn. Code Ann. §§ 8-16-101 *et seq.*, was violated in some manner. *See* Complaint at 2. However, Plaintiff fails to allege facts showing how Defendant is responsible for any purported failure to comply with the provisions of that Act.

---

[7] The Court assumes that Plaintiff intends to refer to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.*.

[8] 15 U.S.C. § 1692.

Plaintiff's common law claims likewise suffer from fatal shortcomings that render the claims subject to dismissal. One of the main contentions made by Plaintiff is that Defendant did not have a legal interest in the property and, thus, had no legal right to foreclosure on the property. This contention is based upon various arguments that the underlying promissory note was assigned to successive trustees, that the assignments and other documents were not properly recorded and a chain of title has not been established, that the mortgage was "securitized," and that Mortgage Electronic Registration Systems, Inc. ("MERS"), who was named as nominee for the lender in the deed of trust, improperly assigned and transferred the deed of trust prior to the foreclosure despite having no authority to make such an assignment and transfer. *See* Docket Entry Nos. 1, 26, and 31.

However, the types of arguments made by Plaintiff have been rejected within this Circuit. In *Thompson v. Bank of Am., N.A.*, 773 F.3d 741 (6th Cir. 2014), *reh'g denied* (Dec. 24, 2014), the Sixth Circuit Court of Appeals, in deciding a case brought against a mortgagee by a borrower who was facing foreclosure and who was attempting to show the invalidity of a mortgage obligation and of the rights of the mortgagee, addressed the same type of arguments made by the instant Plaintiff.[9] In dismissing the claims brought by plaintiff in *Thompson* for failure to state a claim for relief, the Court specifically found that, in Tennessee, promissory notes are generally negotiable, can be enforced by subsequent assignees, and are enforceable regardless of whether they are recorded. 773 F.3d at 749. The Court further found that securitization of a note did not alter either the enforceability of the note or deed of trust or a borrower's obligations to repay a loan and affirmed that the use of MERS in the transfer of mortgage notes and, specifically in the assignment of deeds of trust, has generally been found to be permissible. *Id*. at 749-50. *See also Dauenhauer*, 562 Fed.App'x. at 479 ("Courts nationally, including Tennessee's, have consistently approved MERS' role in loans when designated

---

[9] The Court in *Thompson* specifically noted that "the district courts in this circuit, particularly in Tennessee, have entertained a spate of civil actions that advance legal theories similar to [the plaintiff's]. Like [the plaintiff's], many of these civil actions are scattershot affairs, tossing myriad (sometimes contradictory) legal theories at the court to see what sticks." 773 F.3d at 748. The Court set out several legal principles for reoccurring theories in an effort "[t]o assist the district courts in addressing this wave of creative litigation . . . ." *Thompson*, 773 F.3d at 748.

as the nominee and beneficiary under a deed of trust."). Plaintiff's various arguments that Defendant had no legal right to the property in question do not differ in any significant regard from those arguments rejected in *Thompson* and *Dauenhauer* and fail to support a claim upon which relief can be granted.

Plaintiff's claims to quiet title and for slander of title fail to state plausible claims. Plaintiff does not show that she has legal title to the property in question, which is a requirement for a claim to quiet title. *See Kebede v. Suntrust Mortgage, Inc.*, 612 Fed.App'x 839, 841 (6th Cir. Sept. 2, 2015). Nor can Plaintiff show that she has a legal interest in the property, which is required for a claim of slander of title. *Id*.

Plaintiff asserts a claim for wrongful foreclosure, asserting that "the notice of sale was never published" and that the copy of the notice of sale "is not from a newspaper at all" but "was fabricated." *See* Complaint at 4. Assuming that these allegations are intended to assert that Defendant failed to comply with the statutory advertisement requirement of Tenn. Code. Ann. § 35-5-101, Plaintiff's allegation that the notice of the sale was fabricated is conclusory and is, like the allegation that the notice of sale was never published, unavailing in light of Defendant's reply and attached affidavit of publication (Docket Entry No. 34). *See Peoples v. Bank of Am.*, 2012 WL 601777, *5 (W.D. Tenn. Feb. 22, 2012).

Plaintiff makes reference in the first page of her Complaint to both breach of contract and to breach of good faith. *See* Complaint at 1. Initially, the Court notes that Tennessee law does not recognize a claim for breach of the duty of good faith and fair dealing as an independent cause of action. *EPAC Techs., Inc. v. Thomas Nelson, Inc.*, 2015 WL 6872575, *4 (M.D. Tenn. Nov. 9, 2015) (Campbell, J.); *First Tenn. Bank Nat. Ass'n v. Republic Mortgage Ins. Co.*, 276 F.R.D. 215, 220 (W.D. Tenn. 2011). With respect to a breach of contract claim, Plaintiff has not clearly set forth the basis for such a claim, and the Court is not required to construct Plaintiff's claim for her. *See Payne v. Secretary of Treas.*, 73 Fed.App'x 836, 837 (6th Cir. Aug. 20, 2003). To the extent that Plaintiff's breach of contact claim is based upon her allegation that the Defendant "procured insurance on [her]

9

behalf" when insurance "was already in place," *see* Complaint at 5, this allegation fails to either identify a contractual breach or show how Plaintiff was damaged, both requirements for a breach of contract claim.

Many of Plaintiff's remaining allegations contend that Defendant engaged in various forms of fraud or deception. She contends that Defendant permitted her to enter into an adjustable rate mortgage in 2007 that was tied to the LIBOR despite the fact that Defendant knew or should have known that the LIBOR was being fraudulently manipulated. *See* Complaint at 3. She further contends that a BANA employee committed fraud by signing assignments using various different job titles. *Id.*; Docket Entry No. 31 at 1. Plaintiff's first assertion of fraudulent activity is conclusory, and her second assertion fails to show how fraud was committed against her.

Plaintiff further alleges that various loan documents purporting to bear her signature have been faked or forged. *Id.* at 4; Docket Entry No. 26 at 1-2; Docket Entry No. 35. It is not entirely clear to the Court how Plaintiff's allegations of forged loan documents support her claims. At no point does Plaintiff contend that she did not enter into a contractual loan agreement with Defendant that was secured by the deed of trust to the property at issue. Clearly, Plaintiff had a relationship with Defendant over several years as a mortgagor/debtor. Further, at no point does Plaintiff contend the actual loan/mortgage documents were replaced by "fake documents" that were more onerous to her. Similarly, although Plaintiff repeatedly points out that copies of the same loan documents have different "bar codes" on them, Plaintiff's conclusion that the presence of different "bar codes" renders the documents fake or forged is conclusory. Plaintiff has submitted several documents with handwritten notes on them asserting that the documents are "fake" or "forged," but she has not set forth any comprehensible argument supporting her assertion that the Defendant "stole" her home using fake documents.

An additional ground supporting dismissal exists because the bulk of Plaintiff's claims are untimely. Although the statute of limitations is an affirmative defense that must normally be raised by a party in response to a pleading, see Rule 8(c) of the Federal Rules of Civil Procedure, this is an

action in which Plaintiff is proceeding *in forma pauperis*. The language of 28 U.S.C. § 1915(e)(2) provides that the Court "shall dismiss [a case] at any time" if the Court determines that a plaintiff proceeding *in forma pauperis* fails to state a claim upon which relief may be granted. Accordingly, if Plaintiff's pleadings themselves show that her claims are time-barred, it is appropriate for the Court to *sua sponte* dismiss such claims. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Alston v. Tennessee Department of Corrections,* 2002 WL 123688, *1 (6th Cir. Jan. 28, 2002) (*"*Because the statute of limitations defect was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate."); *Fraley v. Ohio Gallia County*, 1998 WL 789385 (6th Cir., Oct. 30, 1998) ("a *sua sponte* dismissal of an *in forma pauperis* complaint is appropriate where the complaint bears an affirmative defense such as the statute of limitations").

The claims brought under the FDCPA and TCPA are subject to a one year statute of limitations. *See* Tenn. Code Ann. § 47-18-110 and 15 U.S.C. § 1692k(d). Plaintiff's lawsuit was filed on December 10, 2014. There are no allegations of any conduct on the part of Defendant that occurred within one year prior to the filing of the lawsuit. Indeed, the conduct of Defendant is alleged to have occurred during the time period of 2007 to 2011. *See* Complaint at 3-4. Additionally, claims for fraud and misrepresentation brought under Tennessee law are governed by a three year statute of limitations. Tenn. Code. Ann. § 28–3–105. None of the alleged fraudulent conduct is alleged to have occurred within three years of the date the lawsuit was filed. Thus, Plaintiff's claims of fraud are barred by the statute of limitations. *See Thorburn v. Fish*, 2014 WL 4655288, *6 (M.D. Tenn. Sept. 16, 2014) (Trauger, J.); *Young v. Countrywide Home Loans*, 2014 WL 935308, *1 (M.D. Tenn. Mar. 10, 2014) (Haynes, J.).

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 27) of Defendant Bank of America, N.A. be GRANTED and this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge